

FILED
MAY 31 2001
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ENTERED
JUN 01 2001

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, individually, and as Assignee of PEARCE CONSTRUCTION COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   CIVIL ACTION NUMBER ) |
| TRAVELERS CASUALTY & SURETY COMPANY; TRAVELERS PROPERTY CASUALTY; AETNA CASUALTY & SURETY COMPANY, | )   99-C-3449-NE ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

This case raises the issue of whether the primary carrier, Defendant Travelers Casualty & Surety Company, is liable to the excess carrier, Plaintiff Federal Insurance Company, for equitable subrogation and breach of duty. Based on the undisputed facts, the Court concludes that Defendant is entitled to judgment as a matter of law.

### I. Undisputed Facts

This dispute arises out of a construction accident that occurred on June 27, 1995. Barry Wayne Gulley, an employee of Kennon Excavating & Construction Company, was killed on that date when a masonry wall fell on him and crushed him to death. Pearce Construction Company had constructed the wall in 1987.

Gulley's personal representative filed a lawsuit against Pearce Construction Company in the Circuit Court of Morgan County, Alabama. Pearce Construction Company had a general comprehensive policy of primary liability insurance with Aetna (now Travelers). This policy

afforded Plaintiff $1 million of primary liability coverage. Pearce Construction Company had purchased excess/umbrella insurance from Plaintiff Federal Insurance Company. The policy limits of the excess coverage were $10 million. The parties engaged in settlement negotiations prior to the jury trial in Gulley. The settlement negotiations were unsuccessful. Prior to the jury verdict in the Gulley case, the highest verdict ever returned by a Morgan County jury was $225,000. The Gulley case could have been settled for $350,000, but Aetna would not agree to pay that amount.

The case proceeded to trial, and the jury returned a verdict of $4.6 million. The judgment was appealed, but the parties settled the case, with Defendant paying the limits of its primary coverage ($1 million) and Plaintiff paying the balance of $3.6 million.

The Court incorporates herein by reference the parties' agreed statement of undisputed facts.

## II. Discussion

Plaintiff's first claim is that it is entitled to equitable subrogation.

Plaintiff concedes that the Alabama courts have not expressly adopted the doctrine of equitable subrogation between a primary and excess insurer. Defendant is therefore entitled to judgment as a matter of law on this claim.

Plaintiff next claims that Defendant owed to it a duty of good faith. In *Nationwide Mutual Insurance Co. v. Hall*, 643 So. 2d 551, 562-63 (Ala. 1994), the Alabama Supreme Court briefly discussed the issue—but did not decide—whether a primary insurance carrier owes a duty of good faith to an excess insurance carrier of its insured, and whether the excess insurer may bring a claim of bad faith against the primary insurer. The court simply noted that "a number of courts in other jurisdictions" have allowed the excess insurer to sue the primary insurer for breach of duty of good faith. However, it then distinguished *Hall*, noting that the case did not involve a primary

and excess insurer. *See Hall*, 643 So. 2d at 563.

The Court finds that Travelers' Claim Manual's Guiding Principles do not create a duty under Alabama law because there is no contract between Plaintiff and Defendant. This Court is not inclined to announce new law for the courts of Alabama.

Based on the undisputed facts, the Court finds that no reasonable trier of fact could find that Defendant breached any duty to Plaintiff.

For these reasons, Defendant's motion for summary judgment will be granted, and Plaintiff's motion for summary judgment will be denied.

DONE this \_\_\_3{st}\_\_\_ day of May, 2001.

_____
Chief United States District Judge
U. W. Clemon